WILLARD WEIGHTMAN *v.* W. G. JONES.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed November 19, 1901.

*V. S. 1698—Statutory liability of officer for receiving illegal fees*—The question in a jury trial being whether the defendant, an officer, was liable to the statutory penalty for taking illegal fees in consequence of having taxed and received fees for twenty miles travel, when, as there was evidence tending to show, the travel charged for should have been nineteen miles, the defendant was entitled to the direction of a verdict in his favor, in the absence of any evidence tending to show that the overcharge indicated was knowingly made.

THIS WAS AN ACTION under V. S. 1698 to recover the penalty for knowingly receiving illegal fees. Plea, the general issue. Trial by jury, Franklin county, September Term, 1900, *Stafford,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The defendant was collector of taxes for the town of Johnson and the fees in question grew out of the due collection by him from the plaintiff in Bakersfield of an unpaid balance of a tax. At the close of the evidence the defendant moved the court to direct a verdict in his favor. The motion was denied.

*Brigham & Start* for the plaintiff.

*George M. Powers* for the defendant.

23

MUNSON, J. The defendant excepted to the refusal of the court to direct a verdict in his favor on a motion which alleged as grounds therefor that there was no evidence tending to show that the distance travelled was less than the mileage charged, and none tending to show that the claimed overcharge was knowingly made.

The only evidence upon these points was that of the defendant, who was called to the stand by the plaintiff, and testified that he began his service "in Walter Cutting's meadow up the bank from where Brown's mill used to be," and finished it in Johnson, and that he figured the distance at twenty miles; that the direct way from Johnson to Bakersfield is through Waterville; that nine miles would cover the distance from Johnson to Waterville, and that upon investigation he considered it eight miles from Waterville to Bakersfield; and that it must have been two miles from Bakersfield to where he found the plaintiff; that figuring it this way it made nineteen miles where he charged twenty; that he did not know the distance when he made the charge; that he guessed at it—used his best judgment in regard to it, and made the charge in good faith.

These estimates of the defendant were evidence tending to show that there was an overcharge of one mile, but we find nothing in his testimony which tends to show that the overcharge was knowingly made. The mere fact that he was without definite knowledge of the distance and yet failed to make inquiry cannot be given that effect. He may have had good reason to believe that his own knowledge and judgment regarding the distance from Walter Cutting's meadow to the treasurer's office in Johnson were as likely to be correct as any information that could reasonably be obtained.

*Judgment reversed and cause remanded.*